UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NADIA TARAZI, et ano.,

                                Plaintiffs,

                 –against–                                13-cv-1024 (LAK)

TRUEHOPE INC., et al..

                                Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 8/25/2016

### ORDER GRANTING MOTION OF THE SYNERGY
### GROUP OF CANADA, INC. TO DISMISS

LEWIS A. KAPLAN, *District Judge.*

      Magistrate Judge James C. Francis IV recommends that I grant the motion of The Synergy Group of Canada, Inc. ("Synergy") to dismiss the second amended complaint on the grounds that plaintiffs have not (1) properly escaped the need to plead a basis of direct liability against Synergy, if their theory is direct liability, by purporting to define "Truehope," as used in the second amended complaint (the "SAC") to include both Truehope Inc. and Synergy nor (2) sufficiently stated a claim against Synergy on the theory that it is Truehope's *alter ego.* Plaintiffs object, arguing that the second of Judge Francis' conclusions is mistaken and that the first misses the point because they have pled in the alternative, as permitted by Rule 8(d)(2), that Synergy or Truehope Inc. is directly liable.

      I see no error of law in Judge Francis' conclusion that the SAC does not adequately allege that Truehope Inc. and Synergy are *alter egos.* Among other things, plaintiffs do not even challenge his conclusion that "the plaintiff has not alleged that either company 'misused the corporate form . . . so as to commit a fraud or wrongdoing" against them (DI 102, at 13-14), which would be fatal even if the allegations of complete dominion or commingling were sufficient.

      Nor do I see any problem with the first of Judge Francis' conclusions. The fact of the matter is that the plaintiffs have not pled direct claims against each of Truehope Inc. and Synergy in the alterative, whether expressly in reliance on Rule 8(d)(2) or otherwise. What they have done is filed a complaint that far more closely resembles two eggs scrambled together than two separate fried eggs. Whether as a technical matter of pleading or simply in service of clarity and understandability, the Court will not permit this.

2

Accordingly, Synergy's motion to dismiss the second amended complaint (DI 88) is granted. Leave to replead is granted, but no amended complaint shall be filed until the Court rules on the last of the motions to dismiss dealt with in Judge Francis' report and recommendation. If the Court does not by then grant leave to replead as to any other defendant, plaintiffs shall file any amended complaint against Synergy no later than thirty days after the filing of the Court's ruling on the final motion. If it does grant leave to replead as to any other defendant, the last such ruling will set a deadline for the filing of any amended complaint as to all defendants as to which leave is granted.

SO ORDERED.

Dated: August 25, 2016

/s/   Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge